UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL WHITFIELD,

 Plaintiff

v.

CHRISTINA SENIOR, et. al.

 Defendants

Case No.: 3:20-cv-00244-RCJ-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF Nos. 1-1, 3

 This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

 Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 3) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

 A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

 The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues Christina Senior, Deborah Senior, and Lennox Joyce, on the basis of diversity jurisdiction, with Plaintiff residing in Nevada, and Defendants residing in California.

Plaintiff alleges that on December 16, 2016, he filed to establish custody and visitation for his two children with Christina Senior. He avers that Christina Senior removed their children to California, with the help of Deborah Senior and Joyce. In addition, she filed for an order of protection falsely alleging that Plaintiff was a threat to her and her children, and an order of

3

protection issued. He further alleges that Christina Senior filed a false complaint against Plaintiff alleging she had been the victim of ongoing abuse and feared for the safety of herself and their children. Plaintiff claims that the issuance of this protection order resulted in Plaintiff being terminated from this 13-year employment as a correctional officer with the State of Nevada.

Plaintiff claims that Defendants have defamed and slandered Plaintiff in court documents and have interfered with his relationship with his children.

The first and second causes of action are for defamation (slander and libel), alleging that Defendants made statements against Plaintiff and filed numerous unfounded claims of physical assault and child abuse against Plaintiff with CPS in California and Nevada and with police departments in California and Nevada that were used to deceive the courts in the custody dispute.

To assert a claim for defamation, a plaintiff must allege: "(1) a false and defamatory statement …; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark County School Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503-04 (2009) (quotations and citations omitted).

Here, Plaintiff alleges that the alleged defamatory statements were used in connection with child custody proceedings.

Statements made in the course of the child custody proceeding are absolutely privileged under Nevada law. *See Knox v. Dick*, 665 P.2d 267, 270, 99 Nev. 514, 517-18 (1983); *Circus Circus Hotels v. Witherspoon*, 657 P.2d 101. 104, 99 Nev. 56, 60 (1983) ("longstanding common law rule that communications uttered in the course of judicial proceedings are absolutely privileged"); *Fink v. Oshins*, 118 Nev 428, 49 P.3d 640 (2002) (citation omitted). California courts have similarly held that the absolute privilege of California Civil Code § 47(b) applies to statements made by participants to, and in connection with, child custody proceedings. *See Jacob*

*B. v. County of Shasta*, 49 Cal.4th 948, 956, 56 Cal.Rptr.3d 477, 154 P.3d 1003, 1008 (Cal. 2007); *Wise v. Thrifty Payless, Inc.*, 83 Cal.App.4th 1296, 1302 (Cal.Ct.App. 2000).

The privilege "precludes liability even where the defamatory statements are published with knowledge of their falsity and personal ill will toward the plaintiff." *Circus Circus Hotels*, 657 P.2d at 104, 99 Nev. at 60. It applies not only to communications made during actual judicial proceedings, but also to "communications preliminary to a proposed judicial proceeding" if made "in contemplation of initiation of the proceeding." *Fink v. Oshins,* 49 P.3d 640, 644, 118 Nev. 428, 433 (2002) (quoting *Bull v. McCuskey,* 615 P.2d 957, 961, 96 Nev. 706, 712 (1980), *abrogated on other grounds by Ace Truck v. Kahn*, 746 P.2d 132, 103 Nev. 503 (1987)).

Since Plaintiff claims that these statements were made in connection with child custody proceedings, the defamation claims in his first two causes of action should be dismissed with prejudice.

The third cause of action is for intentional infliction of emotional distress (IIED). Plaintiff alleges that Defendants intentionally acted to punish Plaintiff and retaliate against him for having filed for joint custody of the children. He claims that they acted intentionally and with reckless disregard so as to inflict extreme emotional distress on Plaintiff.

A plaintiff asserting an intentional infliction of emotional distress claim in Nevada must demonstrate: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92-93, 97 Nev. 124, 125 (1981) (citation omitted).

"[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Maduike v. Agency Rent-*

*A-Car*, 953 P.2d 24, 26, 114 Nev. 1, 4 (1998) (citation and quotation marks omitted). "[P]ersons must necessarily be expected and required to be hardened … to occasional acts that are definitely inconsiderate and unkind." *Id.* (citation and quotation marks omitted).

Plaintiff includes only conclusory allegations that Defendants made false statements in the context of a custody dispute without including any *facts* that would allow the court to determine whether the Defendants made statements that were extreme and outrageous under Nevada law for purposes of stating an IIED claim. Therefore, the IIED claim should be dismissed with leave to amend.

The fourth cause of action is for fraudulent misrepresentation. Plaintiff alleges that Defendants intentionally made false representations to multiple entities with malice and for the purpose of harming Plaintiff.

To state a fraudulent misrepresentation claim in Nevada, a Plaintiff must allege: "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmtettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386, 114 Nev. 441, 447 (1998)).

Again, Plaintiff includes no substantive factual allegations to state a claim for fraudulent misrepresentation. The conclusory recitation of the elements of the claim is insufficient. Nor do Plaintiff's conclusory allegations touch on the element that Defendants intended to induce Plaintiff to act or refrain from acting on the misrepresentation. Therefore, this claim should also be dismissed with leave to amend.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 3). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The defamation (libel and slander) claims in his first and second causes of action should be **DISMISSED WITH PREJUDICE**. The IIED and fraudulent misrepresentation claims should be **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff should be given **30 DAYS** from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 19, 2020

                                           *William G. Cobb*
                                           William G. Cobb
                                           United States Magistrate Judge